**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID L. JEMISON,   AIS # 115044** | : |
| **Plaintiff,** | : |
| **vs.** | :    **CIVIL ACTION 11-0323-WS-C** |
| **WARDEN WHITE,** *et al.*, | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

This action filed under the Federal Tort Claims Act and under § 1983, by an Alabama prison inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Along with the complaint, plaintiff filed a motion to proceed without prepayment of fees, which was granted.  (Doc. 3). However, as a result of screening the complaint, this grant of *in forma pauperis* status is being revoked by separate order.  And it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When the Court screened this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that plaintiff had at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Jemison v. Nagle*, CA 96–cv–01706–WHA–SRW (M.D. Ala. Dec. 17, 1996); *Jemison v. Allen,* CA 95–cv–01656–SCP–TMP (N.D. Ala. Aug. 31, 1995); *Jemison v. Sexton*, CA 97–cv–0088–ELN–TMP (N.D. Ala. June 6, 1997); and *Jemison v. Fulgham, et al.*, CA 97–cv–0518–SCP–TMP (N.D. Ala. Aug. 29, 1997).  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)").  "Th[is] exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he

filed the complaint.  Plaintiff, who is incarcerated at Fountain Correctional Center ("Fountain") in segregation, complains that inmates are being held beyond their disciplinary sentences in segregation and he is in segregation on three disciplinaries, serving three, fifteen-day sentences, even though he was not found guilty of any charge.  (*Id.* at 5).  He further complains about the conditions in segregation in a conclusory manner, that is, he is not allowed adequate exercise, the cells are unsanitary and have a fecal smell, no hot water is available in the cells, two people are housed in a 4 foot by 8 foot cell with the sink next to the bed, he is allowed to shower every two days for one to four minutes, two fans for eighty inmates is inadequate cooling, the ventilation is inadequate, and the eating area is unsanitary.  (*Id.* at 4-5).  Plaintiff also alleges that defendants have failed to take adequate measures to preserve sanitation and to prevent the spread of contagious diseases and to take reasonable precautions to ensure his safety.  (*Id.* at 5).  Plaintiff asserts that his claims began on May 20, 2011 and continued until he signed his complaint on June 15, 2011.[1]  (*Id.* at 9).

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  The plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.).  And the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id.* at *2.  "General allegations that are not grounded in specific facts which indicate

_____

[1] The Court received the complaint on June 17, 2011.  (Doc. 1).

that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."

*Id.* at *1; *cf. Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009)

(Conclusory allegations are not entitled to a presumption of truth.).

      Turning to plaintiff's claims, very little factual detail is provided to support his claims.

Whereas, in order to state an Eighth Amendment claim based on conditions of confinement,

much factual detail is required.  *See Moulds v. Bullard*, 345 F.App'x 387, 393 (11th Cir. 2009)

(unpublished) (finding that an Eighth Amendment claim was not stated because no facts were

alleged to show the conditions were extreme and that an actual or future serious harm would be

suffered);[2] *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ( a

plaintiff's pleading obligation requires "[f]actual allegations [sufficient] enough to raise a right to

relief above the speculative level," which is more "than labels and conclusions" and the elements

of a cause of action).  Then, it follows that at least as much factual detail is needed about

plaintiff's conditions to show that he is "under imminent danger of serious physical injury."

Plaintiff, however, has not provided factual details describing specific conditions showing an

imminent danger directed to him.  *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir.)

(denying the "imminent danger of serious physical injury" exception because the "Amended

Petition [wa]s largely a collection of vague and utterly conclusory assertions"), *cert. denied*, 526

U.S. 1008 (1999); *Smith v. Harris,* No. 5:07cv27/RS, 2007 WL 710172, at *3 (N.D. Fla. 2007)

("General allegations that are not grounded in specific facts which indicate that serious physical

injury is imminent are not sufficient to invoke the exception to § 1915(g).").  Nor does plaintiff

---

[2]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

ever specify the nature of the "serious physical injury," which is imminent.  *White*, 157 F.3d at

1231-32 (finding that the plaintiff never "specifie[d] even the general nature of the 'serious

physical injury' he asserts is imminent" when he alleged that  he "'ha[s] been deprived of life

sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise

tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-

threatening degree'"); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding as

conclusory, and thereby insufficient to support § 1915's exception, the general assertion that

"defendants were trying to kill [plaintiff] by forcing him to work in extreme conditions despite

his blood pressure condition").

  In the absence of specific facts detailing plaintiff's conditions and his imminent serious

physical injury, the Court finds that plaintiff has not shown that he was under "imminent danger

of serious physical injury" at the time of filing.  Because plaintiff cannot avail himself of §

1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed

this action, plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284

F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice

when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates*

the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee

paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert.*

*denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).

  The instructions that follow the undersigned's signature contain important information

regarding objections to the report and recommendation of the Magistrate Judge.

  **DONE** this the 18th day of June, 2012.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   **Objection**.   Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).